IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL ACTION NO. 1:19-CV-00331-KDB

| | |
|---|---|
| **DANIEL DAVID SCHLARB,** | |
| Plaintiff, | |
| v. | **ORDER** |
| **ANDREW M. SAUL,** | |
| Defendant. | |

**THIS MATTER** is before the Court on Plaintiff Daniel David Schlarb's Motion for Summary Judgment (Doc. No. 9) and Defendant's Motion for Summary Judgment (Doc. No. 13). In this action, Plaintiff seeks judicial review of an unfavorable administrative decision denying his application for supplemental security income under the Social Security Act (the "Act").

Having reviewed and considered the parties' briefs and exhibits, the administrative record and applicable authority, and for the reasons set forth below, the Court finds this matter should be remanded to allow the ALJ to reconsider and further explain his decision that the claimant is not disabled under the relevant sections of the Act. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** Defendant's Motion for Summary Judgement, **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

## I. PROCEDURAL BACKGROUND

In May 2016, Plaintiff "shattered his feet and ankle" after an accidental fall. (Tr. 21, 254-55). On June 16, 2016, Plaintiff filed an application for supplemental security income under Title XVI of the Act, alleging disability since May 22, 2016 (Tr. 17, 157). The claim was initially denied

1

on September 8, 2016 and again upon reconsideration on December 15, 2016. (Tr. 85, 94). ALJ Gregory M. Wilson (the "ALJ") held a hearing on November 1, 2018, at which Plaintiff and a vocational expert appeared (Tr. 17, 31). On March 21, 2019, the ALJ issued a decision that Plaintiff was not disabled within the meaning of the Act (Tr. 17-26). The Appeals Council denied review of the ALJ's decision on September 26, 2019 (Tr. 1). Plaintiff now seeks review of that decision in this Court pursuant to 42 U.S.C. § 405(g).

## II. THE COMMISSIONER'S DECISION

The ALJ followed the required five-step sequential evaluation process established by the Social Security Administration to determine if Mr. Schlarb was disabled under the law during the relevant period.[1] At step one, the ALJ found that Mr. Schlarb had not engaged in substantial gainful activity ("SGA") since his alleged onset date and at step two that he had the following medically determinable and severe impairments: "history of bilateral heel and foot fractures status post open reduction and internal fixation surgery; and lumbar and thoracic spine degenerative changes." (*see* Tr. 19). However, the ALJ found at step three that none of Plaintiff's impairments, nor any combination thereof, met or equaled one of the conditions in the Listing of Impairments at 20 C.F.R. Pt. 404, Subpt. P, App. 1 (*see id.*).

---

[1] The required five-step sequential evaluation required the ALJ to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g). The claimant has the burden of production and proof in the first four steps, but the Commissioner must prove the claimant is able to perform other work in the national economy despite his limitations. *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015).

The ALJ then determined that Mr. Schlarb had the following residual functional capacity (RFC):

> to perform medium work as defined in 20 CFR 416.967(c) except the claimant can lift/carry 50 pounds occasionally and 25 pounds frequently, sit for 6 hours in an 8-hour workday, stand for 6 hours in an 8-hour workday, and walk for 6 hours in an 8-hour workday. The claimant is limited to frequent pushing and pulling with the lower extremities; no climbing of ropes, ladders, and scaffolds; occasional climbing of ramps and stairs; frequent stooping, crouching,, and crawling; and should avoid concentrated exposure to hazards.

(Tr. 20).

The ALJ then found at step four that Plaintiff could not perform his past relevant work as a carpenter, foreman, laborer and pipe fitter (Tr. 25, 183). However, at step five the ALJ found that given Plaintiff's age (54 at the time of the application and 57 at the hearing), education (GED), work experience and RFC there are jobs that exist in significant numbers in the national economy that he could perform, including "Industrial Cleaner," "Food Service Worker," and "Meat Clerk" (Tr. 26). Thus, the ALJ decided that Plaintiff has not been under a disability within the meaning of the Act from the alleged onset date through the date of the decision (Tr. 26).

### III. LEGAL STANDARD

The legal standard for this Court's review of social security benefit determinations is well established. *See Shinaberry v. Saul*, 952 F.3d 113, 120 (4th Cir. 2020). "The Social Security Administration (SSA) provides benefits to individuals who cannot obtain work because of a physical or mental disability. To determine whether an applicant is entitled to benefits, the agency may hold an informal hearing examining (among other things) the kind and number of jobs available for someone with the applicant's disability and other characteristics. The agency's factual findings on that score are 'conclusive' in judicial review of the benefits decision so long as they are supported by 'substantial evidence.'" *Biestek v. Berryhill*, ⎯⎯ U.S. ⎯⎯, 139 S. Ct. 1148, 1151-52, 203 L.Ed.2d 504 (2019) (quoting 42 U.S.C. § 405(g)).

3

"Under the substantial-evidence standard, a court looks to an existing administrative record and asks whether it contains sufficient evidence to support the agency's factual determinations." *Id.* at 1154 (internal quotation marks and alteration omitted). "[T]he threshold for such evidentiary sufficiency is not high. Substantial evidence ... is more than a mere scintilla. It means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal quotation marks and citations omitted). Accordingly, this Court does not review a final decision of the Commissioner *de novo*, *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), and must affirm the Social Security Administration's disability determination "when [the] ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." *Shinaberry,* 952 F.3d at 120 (internal citations omitted); *see also Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) ("Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the [ALJ].")

Thus, while the Court must always ensure that proper legal standards are being followed, this Court may not weigh the evidence again, nor substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *See Hays*, 907 F.2d at 1456. "In reviewing for substantial evidence" in support of an ALJ's factual findings, "[the reviewing court] do[es] not undertake to reweigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal quotation marks and alteration omitted). Rather, "[w]here conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the court defers to the ALJ's decision. *Id.* (internal quotation marks omitted); *Shinaberry,* 952 F.3d at 123. This is true even if the reviewing court disagrees with the outcome—so long as there is

4

"substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982). However, where the Court does not find "substantial evidence" to support the ALJ's decision or based on the decision is unsure if such evidence exists then the Court should remand the case to the Commissioner for further proceedings. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018).

## IV. DISCUSSION

Plaintiff argues that the ALJ's conclusion that he is not disabled is not supported by substantial evidence. *See* Doc. No. 10 at 7-13. More specifically, Plaintiff challenges the evidentiary support for the RFC, which states that Plaintiff can do "medium work," including "stand[ing] for 6 hours in an 8-hour workday, and walk[ing] for 6 hours in an 8-hour workday." Plaintiff contends that the evidence does not support his ability to do such work given his continuing impairments after the serious injury to his feet.

While the Court would readily find "substantial evidence" to support a more limited RFC (and does not by this opinion decide whether Plaintiff could in fact work despite his health issues), the Court shares Plaintiff's concern that the ALJ's described evidence is insufficient to justify a finding that Plaintiff could consistently stand and walk for the periods of time reflected in the RFC. Accordingly, with due regard for the Court's limited role in reviewing the Commissioner's decision, the Court believes the case should be remanded so that the ALJ may either further explain how the evidence supports this RFC or modify the RFC in accordance with the evidence.

A "RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." Social Security Ruling ("SSR") 96-8p. RFC "does not represent the least an individual can do despite his or his

5

Case 1:19-cv-00331-KDB   Document 16   Filed 11/24/20   Page 5 of 10

limitations or restrictions, but the most." *Id*. Thus, in crafting a RFC, the ALJ must consider all of the claimant's "physical and mental impairments, severe and otherwise, and determine, on a function-by-function basis, how they affect [the claimant's] ability to work." *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Also, in performing the RFC assessment, an ALJ "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)." *Woods*, 888 F.3d at 694 (quoting *Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96–8p, 61 Fed. Reg. at 34,478)); *see also* 20 C.F.R § 416.945(a)(3) (In determining the RFC, the ALJ should base the assessment on "all of the relevant medical and other evidence."). Thus, a proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. *Woods*, 888 F.3d at 694.

As evidence in support of the RFC, the ALJ noted that aside from continued pain, his examinations generally have been within acceptable limits (*see* Tr. 23, 311–12, 318–20, 322–26, 331–32, 335, 337–38, 341–42, 358–64). Also, the ALJ states that, despite Plaintiff's severe impairments, he still was able to perform numerous activities of daily living, such as "living by himself independently, preparing meals, using food stamps, shopping in stores, vacuuming with difficulty, taking out the trash, visiting with family and friends, using a smartphone to text and email, and occasionally driving a car" (*see* Tr. 23, 36–37, 41, 45–48). Finally, the ALJ relies on Plaintiff's limited use of pain medications (which Plaintiff says that he does not like to take because of their side effects) to cast doubt on his subjective reports of pain. The Court notes, however, that "examinations within normal limits" (including "normal eyes and ears, normal neck, etc.") during medical visits for foot pain where the Plaintiff complained of difficulty in

6

walking do not, standing alone, provide a "logical explanation" for a RFC that requires Plaintiff to stand and/or walk for six hours out of an eight hour day.

Similarly, the listed activities do not involve substantial walking or standing for long periods at a time. More importantly, the ALJ's analysis ignores (or at least does not discuss) other perhaps far more relevant portions of Plaintiff's testimony concerning his activities, including that he practices walking in the morning so he can walk without falling ("because I have fallen quite a bit"), spends his day in a recliner, elevates his legs most of the day, cooks while sitting in a chair, does not do laundry because the machines are in his basement, does not sweep or mop, does not dust, only takes his trash out once every two weeks to his garage, does not do any yard work and uses the cart at a grocery store. *See* Tr. 40-47. "While it is not the province of this court to weigh the evidence considered by the ALJ, the court must consider whether the ALJ considered and analyzed all the relevant evidence." *Dolfax v. Astrue*, 7:09-CV-67-FL, 2010 WL 1488116, at *12 (E.D.N.C. Mar. 18, 2010), *report and recommendation adopted*, 7:09-CV-67-FL, 2010 WL 1488119 (E.D.N.C. Apr. 13, 2010) (citing *Sterling Smokeless Coal Co. v. Akers,* 131 F.3d 438, 439–40 (4th Cir. 1997)).[2]

In sum, it will be up to the Commissioner to determine if a fuller examination of Plaintiff's ability to perform daily activities is or is not inconsistent with a claim of disability. *See, e.g., Totten v. Califano*, 624 F.2d 10, 12 (4th Cir. 1980). However, on remand the ALJ must explain how Plaintiff's activities relate to his ability to perform those or similar functions for a full workday. *See Brown v. Comm'r of Soc. Sec.*, 873 F.3d 251, 263 (4th Cir. 2017); *Mascio*, 780 F.3d at 636-

---

[2] Further, the ALJ of course cannot pick and choose only the evidence that supports his conclusion. *Kirby v. Astrue*, 731 F. Supp. 2d 453, 456 (E.D.N.C. 2010). *See also Hines v. Barnhart*, 453 F.3d 559, 566 (4th Cir. 2006) (rejecting ALJ's characterization of the tasks a claimant could perform when the ALJ only selectively cited to evidence that supported the ALJ's characterization).

37. In other words, the ALJ must consider not only the *type* of activities a claimant can perform but also the *extent* to which he can perform them. *Brown*, 873 F.3d at 263.

In addition, with respect to the available medical evidence, the ALJ discounts or appears to disregard the observations and examinations of treating providers while crediting the evaluations of state agency consultants who did not examine the Plaintiff and expressed their opinions in 2016 without having the benefit of later examinations and treating notes that reflected Plaintiff's continued difficulty walking and foot pain in 2017 and 2018. *See* Tr. 21-23. Most specifically, the ALJ gives limited weight to an October 2018 "Medical Source Statement" written by Jill Raymer, a treating nurse practitioner, who had been treating Plaintiff since 2016. (*see* Tr. 23–24, 367). In the statement, Ms. Raymer opined that Plaintiff could stand for only 15 minutes at a time; had to elevate his legs most of the time during an eight-hour workday; was not able to walk a block at a reasonable pace on a rough or uneven surface, walk enough to shop or bank, or climb a few steps at a reasonable pace with the use of a single handrail; suffered from severe pain; had the opined impairments, symptoms, and limitations since at least May 22, 2016; had to sit to do anything; could not walk without a cane; had/needed minimal activity; needed to limit activity on his feet; and needed to elevate his feet to relieve pain (*see id.*).[3]

---

[3] The ALJ gave Ms. Raymer's opinions limited or no weight because, *inter alia*, he believed they were inconsistent with an examination of the Plaintiff two years earlier, that her opinion that Plaintiff needed to elevate his legs "most of the time" lacked specificity and she used a "check off form" for the statement. First, any inconsistency with findings dating back two years may well not be relevant where subsequent findings and examinations support the opinion. Second, while for some purposes "most of the time" may be not be sufficiently specific, in the context of building a logical bridge to a conclusion that the Plaintiff can stand and walk up to six hours in an eight hour day, a finding that a claimant needs to elevate his feet "most of the time" appears to be sufficiently specific. Finally, the ALJ's dismissive characterization of the statement as a "check off form" seems misguided as the "form" includes several open narrative sections that were completed with specific reference to the Plaintiff's circumstances and the "check off" portion of the form is simply either a spectrum of choices related to, for example, how long the patient can stand or particular

Again, on remand, it will be up to the ALJ to reconsider all the available evidence from Plaintiff's treatment providers and other evaluations and clearly explain how that evidence logically supports a RFC in which Plaintiff is capable of "medium work," if that is the ALJ's finding. *See Adamson v. Astrue*, No. CA 8:06-2901-HMH-BHH, 2008 WL 474222, at *4 (finding substantial evidence to support Commissioner's assessment of plaintiff's credibility and finding that plaintiff's activities and circumstances were inconsistent with the level of her subjective complaints of pain).[4]

Accordingly, for the reasons discussed above, the Court will remand this matter to the Commissioner for further proceedings. However, by ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Mr. Schlarb's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action'

---

questions such as is the patient able to "walk a block at a reasonable pace." Thus, the ALJ should not have given this statement limited or no weight on that ground. *See Weiss v. Berryhill*, No. 5:17-cv-556-FL, 2019 WL 1244700, at (E.D.N.C. Mar. 18, 2019) (citing *Garrison v. Colvin*, 759 F.3d 995 (9th Cir. 2014) ("[O]pinions expressed in check-box form [by the treating source] were based on significant experience with [the claimant] and supported by numerous records, and were therefore entitled to weight that an otherwise unsupported and unexplained check-box form would not merit.")).

[4] The Court further notes in this context that "[a]s a general matter, opinions from a treating source deserve greater weight than those from a non-treating source, see 20 C.F.R. § 404.1527(c)(2), and opinions from an examining source warrant more deference than those from a non-examining source, see 20 C.F.R. § 404.1527(c)(1)." *Royal v. Berryhill*, No. 1:17-cv-1135, 2019 WL 360000, at *8 (M.D.N.C. Jan. 29, 2019) ("the ALJ reversibly erred by rejecting three more recent treating source opinions in favor of more remote non-examining and non-treating sources who did not have the opportunity to review the significant evidence of Plaintiff's worsening mental health in 2015 and 2016.").

seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (alternation in original) (emphasis omitted) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)).

## V. ORDER

Plaintiff's Motion for Summary Judgment (Doc. No. 9) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 13) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

**SO ORDERED ADJUDGED AND DECREED**.

Signed: November 24,

Kenneth D. Bell
United States District Judge

---

[5] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. 617, 625 (1990).